## Russell v. Yellow Cab Co. of Philadelphia

*Freedman, Borowsky & Lorry*, for plaintiffs.

*McEldrew, Hanamirian, Quinn, Bradley & D'Amico* and *Louis Kassen*, for defendant.

HAGAN, J., November 7, 1973.—This matter was submitted to me for adjudication by the motion court judge.

On July 31, 1972, a panel of arbitrators entered an award in the amount of $2,480 in favor of plaintiff against defendant, Yellow Cab Company, and in favor of defendant Veltri. On August 8, 1972, plaintiff filed an appeal from the arbitration award, serving notice thereof on both defendants and tendering to them the record costs as required under the Pennsylvania Rules of Civil Procedure.

On or about September 6, 1972, defendant Veltri filed a motion to quash plaintiff's appeal, which is now before the court. The motion was granted on January 4, 1973, but vacated by further order of the court on February 6, 1973. On February 15, 1973, defendant, Yellow Cab Company of Philadelphia, filed its answer to defendant Veltri's original motion to quash. Plaintiff did not file an answer, but instead filed a petition to strike defendant's motion to quash, to which petition defendant Veltri subsequently filed an answer.

The issue raised by all of these pleadings is whether plaintiff gave timely notice of appeal in light of the fact that he failed to specify whether the appeal was from the award against defendant, Yellow Cab Company, or the award in favor of defendant Veltri and against plaintiff, or the award in favor of defendant Veltri and against defendant, Yellow Cab Company, on the cross claim of Yellow Cab Company.

There is no dispute that the appeal papers were timely filed and docketed and were, in all other respects, formally correct. There is no dispute that plaintiff served timely notice of the appeal on all opposing counsel. There is no dispute that plaintiff forwarded a check to counsel for defendant Veltri for record costs in connection with the appeal. Finally, there is no suggestion in the papers filed by defendant Veltri of any prejudice whatever as a result of the alleged lack of precision in plaintiff's filing.

Defendant Veltri has submitted no cases in support of her position, while defendant, Yellow Cab Company, has submitted a lengthy brief reviewing the case law. However, we do not think the matter requires extended discussion and, in light of the surrounding circumstances cited above, we find that plaintiff's appeal was from all awards made by the arbitrators.

For the foregoing reason, the motion to quash the appeal from the award of arbitrators filed by defendant, Agatha Mary Veltri, is hereby denied.